NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000315
24-JUN-2019
08:00 AM**

NO. CAAP-18-0000315

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

RICHARD K. TAYLOR, JR.,
Plaintiff-Appellant,
v.
CRUDELE and DE LIMA, ATTORNEYS AT LAW,
ROBERT J. CRUDELE, BRIAN J. DE LIMA,
Defendants-Appellees,
and
JOHN DOES 1-20; JANE DOES 1-20;
DOE PARTNERSHIPS 1-20; DOE CORPORATIONS 1-20;
and DOE ENTITIES 1-20, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 16-1-344)

SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Fujise and Reifurth, JJ.)

Plaintiff-Appellant Richard K. Taylor, Jr. (**Taylor**),
*pro se*,[1] appeals from an "Order Granting Defendants Crudele & De
Lima, Attorneys at Law, Robert J. Crudele and Brian J. De Lima's
Motion to Dismiss Plaintiff Richard K. Taylor, Jr.'s Complaint
for Failure to Prosecute, Filed November 8, 2017" entered on

---

[1] At all times during this case, Taylor has been incarcerated at the
Saguaro Correctional Center, located at 1252 E. Arica Road, Eloy, Arizona
85131.

March 12, 2018 (**Dismissal Order**),[2] by the Circuit Court of the Third Circuit (**Circuit Court**).[3]

On appeal, Taylor argues that the Circuit Court erred in granting Defendants-Appellees Crudele and De Lima, Attorneys at Law, Robert J. Crudele, and Brian J. De Lima's (**Crudele and De Lima's**) November 8, 2017 Motion to Dismiss (**Motion to Dismiss**) (1) based on disputed facts alleged in Taylor's Declaration submitted in opposition to Crudele and De Lima's Motion to Dismiss, and (2) because doing so violated Taylor's due process rights.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, as well as the relevant legal authorities, we vacate and remand.

The Circuit Court's Dismissal Order is based on HRCP Rule 41(b).[4] Contrary to Crudele and De Lima's argument in their

---

[2] Taylor filed his Notice of Appeal on April 9, 2018, before an appealable final judgment was entered by the Circuit Court. On December 3, 2018, pursuant to Waikiki v. Ho'omaka Village Ass'n of Apartment Owners, 140 Hawai'i 197, 398 P.3d 786 (2017), we temporarily remanded the case to the Circuit Court for entry of a final judgment in accordance with Hawaii Revised Statutes (**HRS**) § 641-1(a) (2016), Hawai'i Rules of Civil Procedure (**HRCP**) Rule 58, and Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 869 P.2d 1334 (1994). On December 7, 2018, the Circuit Court entered a "Final Judgment."

[3] The Honorable Henry T. Nakamoto presided.

[4] HRCP Rule 41(b) provides:

**Rule 41.  Dismissal of actions.**

. . . .

(b)  *Involuntary dismissal: Effect thereof.*
    (1)  For failure of the plaintiff to prosecute or comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against it.
    (2)  For failure to prosecute or to comply with these rules or any order of the court, the court may sua sponte dismiss an action or any claim with written notice to the parties.  Such dismissal may be set aside and the action or claim reinstated by order of the court for good cause shown upon motion duly filed not later than 10 days from the date of the order of dismissal.

(continued...)

answering brief, the dismissal by the Circuit Court is <u>with</u> prejudice, because the Dismissal Order did not indicate otherwise (and did not fall under one of the listed exceptions in HRCP Rule 41(b)(3)).  <u>See</u> <u>Silver v. Queen's Hosp.</u>, 63 Haw. 430, 438, 629 P.2d 1116, 1123 (1981); HRCP Rule 41(b)(3).

"The review of a dismissal under HRCP Rule 41(b) is for abuse of discretion, and absent deliberate delay, contumacious conduct or actual prejudice, an order of dismissal cannot be affirmed."  <u>In re Blaisdell</u>, 125 Hawai'i 44, 48, 252 P.3d 63, 67 (2011) (citations and internal brackets omitted).

> Because the interests of justice are best served by resolving a case on its merits, absent a clear record of delay or contumacious conduct, the careful exercise of judicial discretion requires that a trial court consider less severe sanctions and explain, where not obvious, their inadequacy for promoting the interests of justice.

<u>Id.</u> at 49, 252 P.3d at 68 (citation, quotation marks and brackets omitted).

"A dismissal with prejudice would not constitute an abuse of discretion where a plaintiff's deliberate delay causes actual prejudice to a defendant."  <u>Id.</u> (citing <u>Anderson v. Air West, Inc.</u>, 542 F.2d 522, 524 (9th Cir. 1976)).  "Although the law presumes injury from unreasonable delay, the presumption of prejudice is rebuttable upon a showing that actual prejudice did not occur."  <u>Id.</u>

"Contumacious conduct" has been defined by the Hawai'i Supreme Court as "[w]illfully stubborn and disobedient conduct."  <u>Id.</u> at 50, 252 P.3d at 69 (quoting <u>Shasteen, Inc. v. Hilton Hawaiian Vill. Joint Venture</u>, 79 Hawai'i 103, 107 n.7, 899 P.2d 386, 390 n.7 (1995) (citation omitted)).

---

(...continued)

      (3)  Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

In its Dismissal Order, the Circuit Court stated that dismissal of the case under HRCP Rule 41(b) was warranted based on the following:

1. Although [Taylor] filed the Complaint on September 30, 2016, he did not serve the Complaint on [Crudele and De Lima] until February 2017;

2. [Taylor] failed to file his pretrial statement;

3. During the pendency of this case, [Taylor] has attempted to retain an attorney, but has been unable to and it appears unlikely that [Taylor] will retain an attorney in the near future;

4. [Taylor] is a self-represented litigant and indicated that he is unfamiliar with the procedures and does not know how to prosecute his case;

5. [Taylor] has not made any attempt to contact [Crudele & De Lima's] counsel, and did not appear at the hearing on [Crudele and De Lima's] Motion to Dismiss held on January 26, 2018; and

6. As this case has been pending for approximately a year and four months without [Taylor] prosecuting the case in any meaningful fashion, prejudice has resulted to [Crudele and De Lima].

The delays in the instant case do not appear to be deliberate or grounded in contumacious conduct by Taylor. That is, the record does not reflect that Taylor's conduct was willfully stubborn and disobedient. See also Black's Law Dictionary 519 (10th ed. 2014) (defining "deliberate" as "Intentional; premeditated; fully considered" and "Unimpulsive; slow in deciding.").

On September 30, 2016, Taylor filed his Complaint in the Circuit Court. His Complaint reflects his address as "1252 E. Arica Rd., Eloy, AZ 85131", which is the address for the Saguaro Correctional Center.

Also on September 30, 2016, Taylor, via correspondence to the Clerk of the Court, noted that "I am indigent status here at institution – they will not allow me any more copies, so I am sending you my only document record[,]" and he apparently sought to have the clerk serve the defendants with various documents. On November 15, 2016, the Circuit Court issued an order denying Taylor's request to serve documents, noting that process server fees are the responsibility of the litigant.

On January 17, 2017, Taylor wrote to an "agent," asking him to serve Crudele and De Lima.

On February 15, 2017, Taylor's agent served Crudele and De Lima.

The record also reflects that Taylor asserted in various motions, a Declaration, and a notarized Affidavit that he: (1) does not have full knowledge of the HRCP Rules or Rules of the Circuit Court of the State of Hawai'i (**RCCH**); (2) "express[es] respectfully that he is trying to meet all of the requirements to respond to court, attorneys, and parties[,]"; (3) is indigent and incarcerated; (4) has been seeking legal counsel; and (5) "is not deliberately trying to delay or to cause prejudice in any claims for relief[.]"

In its Dismissal Order, the Circuit Court did not make a finding that Taylor's actions constituted either deliberate delay or contumacious conduct, and we are unable to conclude as much given the record in this case.

With regard to "actual prejudice," the Dismissal Order states that "[a]s this case has been pending for approximately a year and four months without [Taylor] prosecuting the case in any meaningful fashion, prejudice has resulted to [Crudele and De Lima]." However, there is no further finding to specify the prejudice. Crudele and De Lima's Motion to Dismiss argued that:

> the five-month delay[5] has caused [Crudele and De Lima] to suffer actual prejudice. [Crudele and De Lima] have incurred unnecessary fees due to the delay because of the need to file this motion, and [Crudele and De Lima] have had to bear the stress of defending themselves against specious

---

[5] Five months prior to November 8, 2017, the date of the Motion to Dismiss, is June 8, 2017, and appears to refer to the approximate date upon which Taylor should have filed his pretrial statement pursuant to RCCH Rule 12(b). See RCCH Rule 12(b) ("The pretrial statement shall be filed within 8 months after a complaint has been filed or within any further period of extension granted by the court."); but see RCCH Rule 12(q) ("An action may be dismissed sua sponte with written notice to the parties if a pretrial statement has not been filed within 8 months after a complaint has been filed (or within any further period of extension granted by the court) or if a trial setting status conference has not been scheduled as required by Rule 12(c)." (Emphasis added)).

5

and untenable claims that triggered their legal malpractice insurance policies and for which they will be required to report and disclose until resolution of the matter.

Given the high standard for dismissal with prejudice under HRCP Rule 41(b), we cannot agree that claims of such prejudice will suffice, especially absent deliberate or contumacious conduct by Taylor. See In re Blaisdell, 125 Hawai'i at 48-49, 252 P.3d at 67-68.

THEREFORE, IT IS HEREBY ORDERED that we vacate the "Order Granting Defendants Crudele & De Lima, Attorneys at Law, Robert J. Crudele and Brian J. De Lima's Motion to Dismiss Plaintiff Richard K. Taylor, Jr.'s Complaint for Failure to Prosecute, Filed November 8, 2017" entered on March 12, 2018 and the "Final Judgment" entered on December 7, 2018, both by the Circuit Court of the Third Circuit.

The case is remanded for further proceedings consistent with this Summary Disposition Order.

DATED: Honolulu, Hawai'i, June 24, 2019.

On the briefs:

Richard K. Taylor, Jr.,
Plaintiff-Appellant pro se.

Nadine Y. Ando,
Marguerite S.N. Fujie,
(McCorriston Miller Mukai
MacKinnon, LLP.)
for Defendants-Appellees.

Chief Judge

Associate Judge

Associate Judge

6